# United States Court of Appeals
# for the Fifth Circuit

No. 25-40173
CONSOLIDATED WITH
No. 25-40301

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce
Clerk

Roberto J. Salinas,

*Plaintiff—Appellant*,

*versus*

Romeo R. Ramirez,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 2:23-CV-160, 2:23-CV-182

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Roberto J. Salinas challenges the district court's dismissal of his 42 U.S.C. § 1983 complaint, in part for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e), and in part following the grant of summary judgment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40173
c/w No. 25-40301

As to the district court's dismissal of his claim that Duval County Sheriff Romeo R. Ramirez violated his constitutional rights by entering his property without consent, a warrant, or exigent circumstances, Salinas fails to identify any error in the district court's analysis. He therefore has abandoned this claim on appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Salinas also challenges the district court's summary judgment dismissal of his due process claim based upon Sheriff Ramirez's alleged actions in delaying Salinas's release from jail after he posted bail. However, as in the district court, Salinas fails to show the existence of any genuine issue of material fact. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

To the extent that Salinas challenges the magistrate judge's denial of his motion for leave to amend his complaint and of his motion for an extension of time to file a notice of appeal, Salinas did not appeal the orders to the district court. We therefore lack jurisdiction to review those orders. *See Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989).

We do not consider Salinas's claims challenging his arrest and treatment while in custody, which are raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

The judgment of the district court is AFFIRMED. Salinas's motions for judicial notice and to amend the caption are DENIED.

2